THOMAS HAMILTON, SR., AND WALTER C. HAMILTON, Defendants in Error, *v.* NICHOLAS M. MCCLELLAND, Plaintiff in Error.

*Pleading—Attachment.*—A plea in abatement to an attachment must be filed within the time limited by the practice act for filing pleas.

*Attachment—Pleading.*—Where a suit is brought by attachment upon a demand not due, the defendant, although he may have lost the right to file a plea in abatement of the writ, has the privilege of pleading to the merits at any time before the demand matures. (R. C. 1855, p. 257, § 64.)

*Judgment—Demand not Due.*—It is error to enter judgment in an attachment suit for a demand not then due. (R. C. 1855, p. 289, § 2.)

*Error to Ray Circuit Court.*

*E. B. Ewing*, for plaintiff in error.

I. The defendant has the right to plead to the merits of the action at any time before the demand sued on matures. (Attachment, 1 R. C. art. 1, § 64, p. 257.) One of the notes does not fall due before 1st March, 1863. Judgment could not be taken before that time; and as all the notes are included in one action, the right to plead applies of course to all. The provision of the statute allowing this is wholly independent of the rules of practice applicable to ordinary "civil actions." There may be cases where the defendant might not offer to plead at the first or appearance term at all, yet this would be no reason for taking judgment by default, because he would not be in default if the demand were not due.

II. But even if this case be regarded as belonging to a class "not specially provided for" by the attachment act, (art. 1, § 64,) but is to be governed by the laws regulating the practice in "civil cases," then the offer to plead to the merits of the action was made in due time. There is no provision of the statute, it seems, prescribing the time in which a plea in abatement must be filed; but if, by analogy to the practice in "civil cases," it is held necessary to be filed on or before the second day of the term, as seems to have been assumed by the Circuit Court, then the defendant could

not have filed his plea to the merits of the action, without *waiving* the plea in abatement, until after the latter had been disposed of; nor would it be admissible, in a case like this, for the defendant in the same answer to plead in abatement to the truth of the affidavit and in bar to the merits of the action. By doing so, he waives the former plea. (Cannon v. McManus, 17 Mo. 345.)

III. The court erred in rendering judgment at all before 1st March, 1863, the time at which one of the notes falls due. The statute peremptorily forbids it, (Attachment, art. 1, § 2, p. 239,) and defendant's motion to set the judgment aside should have been sustained. (Drake, Attach. § 30 ; Ware v. Todd, 1 Ala. 199.) A judgment, being an entire thing, should be set aside when there is error or irregularity in any part of it. (Rush v. Rush, 19 Mo. 441 ; Smith, adm'r, v. Rollins, 25 Mo. 411 ; Pomeroy v. Betts et al. 31 Mo. 442.)

*Ryland & Son*, for defendants in error.

I. The plea in abatement was not offered in time, being on the sixth day of the term, instead of being within the two first days, as required by law in such cases, the suit being founded on notes for the payment of money, and there being personal service. (R. C. 1855, p. 1235, § 24, 25, 26.)

II. The answer to the merits was likewise offered too late to be filed, being also on the sixth day of the term, when it should have been filed within the first two days of court. (See same authority as for first point, R. C. 1855, p. 1235.)

III. The suit by attachment on note, when there is personal service on defendant, is governed in all respects as other suits at law in the ordinary way. (Attachment, R. C. 1855, p. 250, § 42.)

DRYDEN, Judge, delivered the opinion of the court.

This was a suit by attachment based on three several promissory notes made by the defendant, two of which were due at the commencement of the action, but the third was not then due, but will mature the first of March, 1863. The

ground for the attachment alleged in the affidavit of the plaintiffs was, that the defendant had fraudulently conveyed or assigned his property and effects, so as to hinder or delay his creditors. There was personal service of the writ more than fifteen days before the return day. On the fifth day of the return term the defendant appeared and offered to file a plea in the nature of a plea in abatement, putting in issue the facts alleged in the plaintiff's affidavit, which being refused by the court, he then offered to file his answer to the petition, but the court refused permission to do this likewise. The refusal in both instances was on the ground that the pleadings offered, not having been filed on or before the second day of the term, came too late. The court then defaulted the defendant and rendered a final judgment for the whole amount of the three notes, but restraining execution until the time of the maturity of the notes not due. The defendant moved the court to set aside the judgment because it was prematurely rendered, but the motion being overruled, he has brought the case here by writ of error.

The record presents for our consideration two questions—1st, as to when a defendant is required to plead to an action by attachment, founded in whole or in part on a demand not due; and, 2d, as to when the judgment may be rendered in such action.

1. The general rule is that no action will lie on a demand not due, but the 2d section of the 1st article of the attachment law of 1855 (R. C. 1855, p. 239) makes an exception to the rule, by providing that in certain contingencies, therein enumerated, a suit by attachment may be brought on such demand.

In suits in which a summons is the process, the time when the defendant must appear and plead depends as well upon the subject matter of the action as upon the manner of service of the process. In actions upon bonds, bills or notes for the direct payment of money or property, where the process has been personally served fifteen days before the return day, he must appear and plead on or before the second day

21—VOL. XXXIII.

of the return term; but if the service was not personal, then he must appear on or before the sixth day of the term. In all suits other than those founded on bonds, bills or notes, he must plead on or before the sixth day of the term, without regard to the mode of service. (R. C. 1855, § 5, p. 1230; § 24, p. 1235.)

The 64th section of the 1st article of the attachment law (R. C. 1855, p. 257) requires that, "in all cases not specially provided for by this article, all pleadings and other proceedings in attachment causes shall conform to and be governed as near as may be by the law regulating the practice of courts of justice in civil cases."

The law governing pleadings and other proceedings in attachment causes then being the same as that regulating pleadings in civil actions, except so far as it may be affected by any special provision in the first article of the attachment law, it becomes important to inquire whether any such provision exists, and, if any, its scope.

The only provision of the kind bearing upon the question under consideration is found in section 64, already cited, and is as follows: "Nothing herein contained shall be construed to prevent the defendant from pleading to the *merits* of any action instituted upon a demand not due *at any time before the maturity thereof.*" The effect of this provision is to enlarge the time of pleading to the *merits*, nothing more. A plea in the nature of a plea in abatement is not a plea to the merits, but is a dilatory plea; and the time of pleading, it not being fixed by any special provision of the attachment law, is determined by the law governing practice and proceedings in civil cases. By this law the plea must be filed within the first two or first six days of the term, acccordingly as the time is affected by the subject of the action or the mode of service of the process. It is true there is nothing in the law which expressly defines the time for filing pleas of this sort; but as the practice act prescribes the time within which pleas in bar shall be pleaded, and as it is a well established principle of law that abatable matter is waived by a

plea in bar, it follows that the time for filing dilatqry pleas is as restricted as that for pleading to the merits. The rule, then, as applicable to the case under consideration, required the defendant to plead his plea in the nature of a plea in abatement within the first two days of the term, and not having offered it until the fifth day, it came too late ; but as to the answer to the merits, the defendant having offered to file it before the maturity of the demand sued on, it was in time.

2. The judgment was prematurely rendered. The 2d section, already referred to, while it gives the right to sue on a demand not due, also provides that "no judgment shall be rendered against the defendant *until the maturity* of the demand." Furthermore, the notion that judgment may be rendered before maturity of the demand is inconsistent with the right secured to the defendant by the 64th section " to plead to the merits any time before the maturity."

Of what avail to the defendant is the right to plead to the merits after you have condemned him to pay ?

The Circuit Court committed error in refusing the defendant permission to file his answer to the petition and in rendering judgment before the maturity of the note not due, and its judgment is therefore reversed, and the cause remanded, with directions to that court to proceed with the case in conformity with this opinion.

The other judges concur.